UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No.: 1:17-cv-00876-ALC

**ADAM BLANK, individually and as trustee of the ADAM BLANK 2012 GRAT, ACKER FAMILY 2012 GIFT TRUST and ACKER FAMILY 2013 GIFT TRUST,**

                    **Plaintiffs,**

v.

**TRIPOINT GLOBAL EQUITIES, LLC, TRIPOINT CAPITAL ADVISORS, LLC, MARK H. ELENOWITZ and MICHAEL BOSWELL,**

                      **Defendants.**

## DEFENDANTS TRIPOINT GLOBAL EQUITIES, LLC, TRIPOINT CAPITAL ADVISORS, LLC, MARK H. ELENOWITZ, AND MICHAEL BOSWELL'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT

Defendants TriPoint Global Equities, LLC ("TriPoint"), TriPoint Capital Advisors, LLC ("TriPoint Capital"), Mark H. Elenowitz ("Mr. Elenowitz"), and Michael Boswell's ("Mr. Boswell") (collectively, "Defendants") by and through their undersigned counsel, hereby submits this Answer and Affirmative Defenses to Plaintiffs Adam Blank, individually and as trustee of the Adam Blank 2012 GRAT, Acker Family 2012 Gift Trust and Acker Family 2013 Gift Trust (collectively, "Plaintiffs") Amended Complaint ("Complaint") (Docket Entry ("D.E.") 22). In furtherance of the same, Defendants respectfully responds to the numbered paragraphs of Plaintiffs' Complaint as follows:

## SUMMARY OF ALLEGATIONS

1. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint, and therefore deny the same and leave Plaintiffs to their proof.

2. The allegations set forth in paragraph 2 of the Complaint contain Plaintiffs' statement of the case and legal arguments, and therefore do not require a response from Defendants. In the alternative, Defendants deny the same.

3. Defendants deny the allegations set forth in paragraph 3 of the Complaint.

4. The allegations set forth in paragraph 4 of the Complaint are legal conclusions, and therefore do not require a response from Defendants. In the alternative, Defendants deny the same.

5. Defendants deny the allegations set forth in paragraph 5 of the Complaint.

6. The allegations set forth in paragraph 6 of the Complaint contain Plaintiffs' statement of the case and legal arguments, and therefore do not require a response from Defendants. In the alternative, Defendants deny the same.

## PARTIES

7. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint, and therefore deny the same and leave Plaintiffs to their proof.

8. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint, and therefore deny the same and leave Plaintiffs to their proof.

9. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint, and therefore deny the same and leave Plaintiffs to their proof.

10. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint, and therefore deny the same and leave Plaintiffs to their proof.

11. Defendants admit the allegations set forth in paragraph 11 of the Complaint.

12. Defendants admit the allegations set forth in paragraph 12 of the Complaint.

13. Defendants admit that TriPoint Capital is a limited liability company, duly organized and existing by virtue of the laws of the State of Maryland. Defendants deny the remaining allegations set forth in paragraph 13 of the Complaint.

14. Defendants admit the allegations set forth in paragraph 14 of the Complaint.

15. Defendants admit the allegations set forth in paragraph 15 of the Complaint.

16. Defendants admit the allegations set forth in paragraph 16 of the Complaint.

17. Defendants deny the allegations set forth in paragraph 17 of the Complaint.

18. In response to the allegations set forth in paragraph 18 of the Complaint, TriPoint's website speaks for itself. To the extent the allegations set forth in paragraph18 of the Complaint are inconsistent with TriPoint's website, Defendants deny the same.

19. Defendants admit the allegations set forth in paragraph 19 of the Complaint.

20. Defendants admit the allegations set forth in paragraph 20(i)-(ii) of the Complaint. Defendants deny the remaining allegations set forth in paragraph 20 of the Complaint.

21. Defendants deny the allegations set forth in paragraph 21 of the Complaint.

22. Defendants deny the allegations set forth in paragraph 22 of the Complaint.

23.     In response to the allegations set forth in paragraph 23 of the Complaint, TriPoint and TriPoint Capital's website speak for themselves.  To the extent the allegations set forth in paragraph 23 of the Complaint are inconsistent with TriPoint and TriPoint Capital's website, Defendants deny the same.

24.     Defendants deny the allegations set forth in paragraph 24 of the Complaint.

25.     Defendants admit the allegations set forth in paragraph 25 of the Complaint.

26.     The allegations set forth in paragraph 26 of the Complaint contain Plaintiffs' statement of the case and legal arguments, and therefore do not require a response from Defendants.  In the alternative, Defendants deny the same.

27.     The allegations set forth in paragraph 27 of the Complaint are legal conclusions, and therefore do not require a response from Defendants.  In the alternative, Defendants deny the same.

## JURISDICTION AND VENUE

28.     Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint, and therefore deny the same and leave Plaintiffs to their proof.

29.     Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint, and therefore deny the same and leave Plaintiffs to their proof.

**SUBSTANTIVE ALLEGATIONS**

30. Defendants admit that Blank and Mr. Elenowitz met for the first time on January 11, 2016, at the Sage Bistro restaurant in Woodbury, New York. Defendants deny the remaining allegations set forth in paragraph 30 of the Complaint.

31. Defendants deny that Mr. Elenowitz told Blank to look at the TriPoint Capital's website. In response to the remaining allegations set forth in paragraph 31 of the Complaint, the TriPoint websites speak for themselves. To the extent the allegations set forth in paragraph 31 of the Complaint are inconsistent with the TriPoint websites, Defendants deny the same.

32. The allegations set forth in paragraph 32 of the Complaint contain Plaintiffs' statement of the case and legal arguments, and therefore do not require a response from Defendants. In the alternative, Defendants deny the same and leave Plaintiffs to their proof.

33. In response to the allegations set forth in paragraph 33 of the Complaint, TriPoint's website speaks for itself. To the extent the allegations set forth in paragraph 33 of the Complaint are inconsistent with TriPoint's website, Defendants deny the same.

34. In response to the allegations set forth in paragraph 34 of the Complaint, TriPoint's website speaks for itself. To the extent the allegations set forth in paragraph 34 of the Complaint are inconsistent with TriPoint's website, Defendants deny the same.

35. Defendants deny the allegations set forth in paragraph 35 of the Complaint.

36. Defendants admit the allegations set forth in the first sentence of paragraph 36 of the Complaint. Defendants deny the remaining allegations set forth in paragraph of the Complaint.

37. Defendants deny the allegations set forth in paragraph 37 of the Complaint.

38. Defendants deny the allegations set forth in paragraph 38 of the Complaint.

39. Defendants deny the allegations set forth in paragraph 39 of the Complaint.

40. Defendants deny the allegations set forth in paragraph 40 of the Complaint.

41. Defendants deny the allegations set forth in paragraph 41 of the Complaint.

42. Defendants deny the allegations set forth in paragraph 42 of the Complaint.

43. Defendants are without sufficient knowledge or information upon which to form a belief as to Blank's mental state. Defendants deny the remaining allegations set forth in paragraph 43 of the Complaint.

44. Defendants deny the allegations set forth in paragraph 44 of the Complaint.

45. Defendants deny the allegations set forth in paragraph 45 of the Complaint.

46. Defendants deny the allegations set forth in paragraph 46 of the Complaint.

47. Defendants deny the allegations set forth in paragraph 47 of the Complaint.

48. In response to the allegations set forth in paragraph 48 of the Complaint, TriPoint's website speaks for itself. To the extent the allegations set forth in paragraph 48 of the Complaint are inconsistent with TriPoint's website, Defendants deny the same.

49. In response to the allegations set forth in paragraph 49 of the Complaint, TriPoint's website speaks for itself. To the extent the allegations set forth in paragraph 49 of the Complaint are inconsistent with TriPoint's website, Defendants deny the same.

50. Defendants deny the allegations set forth in paragraph 50 of the Complaint.

51. Defendants deny the allegations set forth in paragraph 51 of the Complaint.

52. Defendants deny the allegations set forth in paragraph 52 of the Complaint.

53. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 53 of the Complaint, and therefore deny the same and leave Plaintiffs to their proof.

54. Defendants deny the allegations set forth in paragraph 54 of the Complaint.

55. Defendants deny the allegations set forth in paragraph 55 of the Complaint.

56. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 56 of the Complaint, and therefore deny the same and leave Plaintiffs to their proof.

57. Defendants deny that Mr. Elenowitz provided continued assurances. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations set forth in paragraph 57 of the Complaint, and therefore deny the same and leave Plaintiffs to their proof.

58. Defendants deny the allegations set forth in paragraph 58 of the Complaint.

59. Defendants deny the allegations set forth in paragraph 59 of the Complaint.

60. Defendants deny the allegations set forth in paragraph 60 of the Complaint.

61. The allegations set forth in paragraph 61 of the Complaint contain Plaintiffs' statement of the case and legal arguments, and therefore do not require a response from Defendants. In the alternative, Defendants deny the same.

62. The allegations set forth in paragraph 62 are legal conclusions, and therefore do not require a response from Defendants. In the alternative, Defendants deny the same.

63. The allegations set forth in paragraph 63 of the Complaint contain Plaintiffs' statement of the case and legal arguments, and therefore do not require a response from Defendants. In the alternative, Defendants deny the same.

64. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 64 of the Complaint, and therefore deny the same and leave Plaintiffs to their proof.

## **PLAINTIFFS' CLAIMS**

### COUNT I

### NEGLIGENCE
### Against all Defendants

65. Defendants repeat their responses to paragraphs 1 through 64 above as if fully set forth herein.

66-70. In light of Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss dated, November 6, 2017 (D.E. 54), Plaintiffs withdrew Count I of their Complaint against all Defendants, as such, a response is not required. In the alternative, Defendants deny the same.

### COUNT II[1]

### FRAUD IN CONNECTION WITH THE PURCHASE OR SALE OF SECURITIES
### Violations of Section 10(b) of the Exchange Act and Rule 10b-5(a), (b) and (c)
### Against all Defendants

71. Defendants repeat their responses to paragraphs 1 through 70 above as if fully set forth herein.

72. The allegations set forth in paragraph 72 are legal conclusions, and therefore do not require a response from TriPoint, TriPoint Capital or Mr. Elenowitz. In the alternative, TriPoint, TriPoint Capital and Mr. Elenowitz deny the same.

---

[1] In light of this Court's Order dated August 31, 2018 (D.E. 58), dismissing the Count II against Mr. Boswell, a response from Mr. Boswell is not required. In the alternative, Mr. Boswell denies the same.

73. The allegations set forth in paragraph 73 are legal conclusions, and therefore do not require a response from TriPoint, TriPoint Capital or Mr. Elenowitz.  In the alternative, TriPoint, TriPoint Capital and Mr. Elenowitz deny the same.

74. The allegations set forth in paragraph 74 of the Complaint contain Plaintiffs' statement of the case and legal arguments, and therefore do not require a response from TriPoint, TriPoint Capital or Mr. Elenowitz.  In the alternative, TriPoint, TriPoint Capital and Mr. Elenowitz deny the same.

75. The allegations set forth in paragraph 75 are legal conclusions, and therefore do not require a response from TriPoint, TriPoint Capital or Mr. Elenowitz.  In the alternative, TriPoint, TriPoint Capital and Mr. Elenowitz deny the same.

76. The allegations set forth in paragraph 76 are legal conclusions, and therefore do not require a response from TriPoint, TriPoint Capital or Mr. Elenowitz.  In the alternative, TriPoint, TriPoint Capital and Mr. Elenowitz deny the same.

77. The allegations set forth in paragraph 77 are legal conclusions, and therefore do not require a response from TriPoint, TriPoint Capital or Mr. Elenowitz.  In the alternative, TriPoint, TriPoint Capital and Mr. Elenowitz deny the same.

78. The allegations set forth in paragraph 78 are legal conclusions, and therefore do not require a response from TriPoint, TriPoint Capital or Mr. Elenowitz.  In the alternative, TriPoint, TriPoint Capital and Mr. Elenowitz deny the same.

## COUNT III

### Violations of Section 9(a)(4) and 9(f) of the Exchange Act
### Against all Defendants

79. Defendants repeat their responses to paragraphs 1 through 78 above as if fully set forth herein.

80-83. In light of this Court's Order dated August 31, 2018 (D.E. 58), dismissing the Count III against all Defendants, a response is not required. In the alternative, Defendants deny the same.

## COUNT IV[2]

### NEGLIGENT MISREPRESENTATION
### Against all Defendants

84. Defendants repeat their responses to paragraphs 1 through 83 above as if fully set forth herein.

85. The allegations set forth in paragraph 85 are legal conclusions, and therefore do not require a response from TriPoint, TriPoint Capital or Mr. Elenowitz. In the alternative, TriPoint, TriPoint Capital and Mr. Elenowitz deny the same.

86. TriPoint, TriPoint Capital and Mr. Elenowitz deny the allegations set forth in paragraph 86 of the Complaint.

87. The allegations set forth in paragraph 87 are legal conclusions, and therefore do not require a response from TriPoint, TriPoint Capital or Mr. Elenowitz. In the alternative, TriPoint, TriPoint Capital and Mr. Elenowitz deny the same.

88. The allegations set forth in paragraph 88 of the Complaint contain Plaintiffs' statement of the case and legal arguments, and therefore do not require a response from TriPoint, TriPoint Capital or Mr. Elenowitz. In the alternative, TriPoint, TriPoint Capital and Mr. Elenowitz deny the same.

---

[2] In light of this Court's Order dated August 31, 2018 (D.E. 58), dismissing the Count IV against Mr. Boswell, a response from Mr. Boswell is not required. In the alternative, Mr. Boswell denies the same.

89. TriPoint, TriPoint Capital and Mr. Elenowitz are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 89, and therefore deny the same and leave Plaintiffs to their proof.

90. The allegations set forth in paragraph 90 are legal conclusions, and therefore do not require a response from TriPoint, TriPoint Capital or Mr. Elenowitz. In the alternative, TriPoint, TriPoint Capital and Mr. Elenowitz deny the same.

91. The allegations set forth in paragraph 91 are legal conclusions, and therefore do not require a response from TriPoint, TriPoint Capital or Mr. Elenowitz. In the alternative, TriPoint, TriPoint Capital and Mr. Elenowitz deny the same.

92. The allegations set forth in paragraph 91 are legal conclusions, and therefore do not require a response from TriPoint, TriPoint Capital or Mr. Elenowitz. In the alternative, TriPoint, TriPoint Capital and Mr. Elenowitz deny the same.

## COUNT V[3]

**FRAUDULENT MISREPRENTATION**
**Against all Defendants**

93. Defendants repeat their responses to paragraphs 1 through 92 above as if fully set forth herein.

94. The allegations set forth in paragraph 94 are legal conclusions, and therefore do not require a response from TriPoint, TriPoint Capital or Mr. Elenowitz. In the alternative, TriPoint, TriPoint Capital and Mr. Elenowitz deny the same.

---

[3] In light of this Court's Order dated August 31, 2018 (D.E. 58), dismissing the Count V against Mr. Boswell, a response from Mr. Boswell is not required. In the alternative, Mr. Boswell denies the same.

95. The allegations set forth in paragraph 95 are legal conclusions, and therefore do not require a response from TriPoint, TriPoint Capital or Mr. Elenowitz. In the alternative, TriPoint, TriPoint Capital and Mr. Elenowitz deny the same.

96. TriPoint, TriPoint Capital and Mr. Elenowitz deny the allegations set forth in paragraph 96 of the Complaint.

97. The allegations set forth in paragraph 97 are legal conclusions, and therefore do not require a response from TriPoint, TriPoint Capital or Mr. Elenowitz. In the alternative, TriPoint, TriPoint Capital and Mr. Elenowitz deny the same.

98. The allegations set forth in paragraph 98 are legal conclusions, and therefore do not require a response from TriPoint, TriPoint Capital or Mr. Elenowitz. In the alternative, TriPoint, TriPoint Capital and Mr. Elenowitz deny the same.

99. TriPoint, TriPoint Capital and Mr. Elenowitz deny the allegations set forth in paragraph 99 of the Complaint.

100. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 100 of the Complaint, and therefore deny the same and leave Plaintiffs to their proof.

101. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 101 of the Complaint, and therefore deny the same and leave Plaintiffs to their proof.

102. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 102 of the Complaint, and therefore deny the same and leave Plaintiffs to their proof.

103.   The allegations set forth in paragraph 103 are legal conclusions, and therefore do not require a response from TriPoint, TriPoint Capital or Mr. Elenowitz. In the alternative, TriPoint, TriPoint Capital and Mr. Elenowitz deny the same.

104.   The allegations set forth in paragraph 104 are legal conclusions, and therefore do not require a response from TriPoint, TriPoint Capital or Mr. Elenowitz. In the alternative, TriPoint, TriPoint Capital and Mr. Elenowitz deny the same.

## COUNT VI

### UNJUST ENRICHMENT AND ESTABLISHMENT OF A CONTRUCTIVE TRUST[4]
### Against all Defendants

105.   Defendants repeat their responses to paragraphs 1 through 104 above as if fully set forth herein.

106.   The allegations set forth in paragraph 95 [sic] are legal conclusions, and therefore do not require a response from Defendants. In the alternative, Defendants deny the same.

107.   The allegations set forth in paragraph 96 [sic] are legal conclusions, and therefore do not require a response from Defendants. In the alternative, Defendants deny the same.

108.   The allegations set forth in paragraph 97 [sic] are legal conclusions, and therefore do not require a response from Defendants. In the alternative, Defendants deny the same.

109.   In light of this Court's Order dated August 31, 2018 (D.E. 58), dismissing the Count VI Establishment of a Constructive Trust against all Defendants, a response to paragraph 98 [sic] is not required. In the alternative, Defendants deny the same.

---

[4] In light of this Court's Order dated August 31, 2018 (D.E. 58), dismissing the Count VI Establishment of a Constructive Trust against all Defendants, a response is not required. In the alternative, Defendants deny the same.

13

110. The allegations set forth in paragraph 99 [sic] are legal conclusions, and therefore do not require a response from Defendants. In the alternative, Defendants deny the same.

## COUNT VII[5]

### MUTUAL MISTAKE
### Against all Defendants

109. Defendants repeat their responses to paragraphs 1 through 108 above as if fully set forth herein.

110-112. In light of Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss dated, November 6, 2017 (D.E. 54), Plaintiffs withdrew Count VII of their Complaint against all Defendants, as such, a response to paragraphs 101-103 [sic] is not required. In the alternative, Defendants deny the same.

## COUNT VIII

### PROMISSORY ESTOPPEL
### Against all Defendants

111. Defendants repeat their responses to paragraphs 1 through 110 above as if fully set forth herein.

112. The allegations set forth in paragraph 105 [sic] are legal conclusions, and therefore do not require a response from TriPoint, TriPoint Capital or Mr. Elenowitz. In the alternative, TriPoint, TriPoint Capital and Mr. Elenowitz deny the same.

---

[5] In light of this Court's Order dated August 31, 2018 (D.E. 58), dismissing the Count VIII against Mr. Boswell, a response from Mr. Boswell is not required. In the alternative, Mr. Boswell denies the same.

113. The allegations set forth in paragraph 106 [sic] are legal conclusions, and therefore do not require a response from TriPoint, TriPoint Capital or Mr. Elenowitz. In the alternative, TriPoint, TriPoint Capital and Mr. Elenowitz deny the same.

114. The allegations set forth in paragraph 107 [sic] are legal conclusions, and therefore do not require a response from TriPoint, TriPoint Capital or Mr. Elenowitz. In the alternative, TriPoint, TriPoint Capital and Mr. Elenowitz deny the same.

115. The allegations set forth in paragraph 108 [sic] are legal conclusions, and therefore do not require a response from TriPoint, TriPoint Capital or Mr. Elenowitz. In the alternative, TriPoint, TriPoint Capital and Mr. Elenowitz deny the same.

## COUNT IX[6]

### BREACH OF FIDUCIARY DUTY
### Against all Defendants

116. Defendants repeat their responses to paragraphs 1 through 115 above as if fully set forth herein.

117. The allegations set forth in paragraph 110 [sic] are legal conclusions, and therefore do not require a response from TriPoint, TriPoint Capital or Mr. Elenowitz. In the alternative, TriPoint, TriPoint Capital and Mr. Elenowitz deny the same.

118. The allegations set forth in paragraph 111 [sic] are legal conclusions, and therefore do not require a response from TriPoint, TriPoint Capital or Mr. Elenowitz. In the alternative, TriPoint, TriPoint Capital and Mr. Elenowitz deny the same.

---

[6] In light of this Court's Order dated August 31, 2018 (D.E. 58), dismissing the Count IX against Mr. Boswell, a response from Mr. Boswell is not required. In the alternative, Mr. Boswell denies the same.

119. TriPoint, TriPoint Capital and Mr. Elenowitz admit the allegations set forth in paragraph 112 [sic] of the Complaint.

120. TriPoint, TriPoint Capital and Mr. Elenowitz are without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in paragraph 113 [sic], and therefore deny the same and leave Plaintiffs to their proof.

121. The allegations set forth in paragraph 114 [sic] are legal conclusions, and therefore do not require a response from TriPoint, TriPoint Capital or Mr. Elenowitz. In the alternative, TriPoint, TriPoint Capital and Mr. Elenowitz deny the same.

122. The allegations set forth in paragraph 115 [sic] are legal conclusions, and therefore do not require a response from TriPoint, TriPoint Capital or Mr. Elenowitz. In the alternative, TriPoint, TriPoint Capital and Mr. Elenowitz deny the same.

123. The allegations set forth in paragraph 116 [sic] are legal conclusions, and therefore do not require a response from TriPoint, TriPoint Capital or Mr. Elenowitz. In the alternative, TriPoint, TriPoint Capital and Mr. Elenowitz deny the same.

124. The allegations set forth in paragraph 117 [sic] are legal conclusions, and therefore do not require a response from TriPoint, TriPoint Capital or Mr. Elenowitz. In the alternative, TriPoint, TriPoint Capital and Mr. Elenowitz deny the same.

125. TriPoint, TriPoint Capital and Mr. Elenowitz deny the allegations set forth in paragraph 118 [sic] of the Complaint.

126. The allegations set forth in paragraph 119 [sic] are legal conclusions, and therefore do not require a response from TriPoint, TriPoint Capital or Mr. Elenowitz. In the alternative, TriPoint, TriPoint Capital and Mr. Elenowitz deny the same.

127.    The allegations set forth in paragraph 120 [sic] are legal conclusions, and therefore do not require a response from TriPoint, TriPoint Capital or Mr. Elenowitz.  In the alternative, TriPoint, TriPoint Capital and Mr. Elenowitz deny the same.

## COUNT X

### VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349
### Against all Defendants

128.    Defendants repeat their responses to paragraphs 1 through 127 above as if fully set forth herein.

129-150.    In light of this Court's Order dated August 31, 2018 (D.E. 58), dismissing the Count X against all Defendants, a response to paragraphs 122-134 [sic] is not required.  In the alternative, Defendants deny the same.

## AFFIRMATIVE DEFENSES

For its affirmative defenses and avoidances to the Complaint, Defendants respectfully alleges as follows:

### First Affirmative Defense

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Complaint fails to state a claim upon which relief may be granted.  Plaintiffs have not alleged facts sufficient to support a claim that any of the wrongdoing occurred.

### Second Affirmative Defense

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Complaint fails to state a claim upon which relief may be granted.  Plaintiff has not alleged facts sufficient to support a claim that Defendants knew of the fraud or the Ponzi Scheme.

### Third Affirmative Defense

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Complaint fails to state a claim upon which relief may be granted. Plaintiff has not alleged facts sufficient to support a claim that any representation or omission by Defendants was materially misleading.

### Fourth Affirmative Defense

Pursuant to Federal Rule of Civil Procedure 9(b), the Complaint fails to plead fraud with the requisite degree of particularity against Defendants. Allegations of securities fraud must satisfy Federal Rule of Civil Procedure 9(b), which requires Plaintiffs to "aver with particularity the circumstances constituting the fraud." Fed. R. Civ. P. 9(b).

### Fifth Affirmative Defense

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b), the Amended Complaint fails to state a claim upon which relief could be granted and fails to plead fraud with the requisite degree of particularity.

### Sixth Affirmative Defense

Plaintiffs' claims and requests are barred, in whole or in part, because Plaintiff failed to mitigate its damages.

### Seventh Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages were not legally or proximately caused by any acts or omissions by Defendants.

### Eighth Affirmative Defense

At all relevant times, the acts or omissions of Defendants were legally justified and therefore it cannot be liable for those acts or omissions.

### Ninth Affirmative Defense

Plaintiffs' claims cannot be maintained because Defendants accurately disclosed all information required of them by law.

18

**Tenth Affirmative Defense**

Plaintiffs' claims are barred by the doctrines of equitable estoppel and equitable indemnity.

**RESERVATION OF DEFENSES**

Defendants expressly reserve the right to amend and/or add additional affirmative defenses as facts are developed through discovery and investigation continues, and/or to withdraw any of these defenses.

**DEMAND FOR TRIAL BY JURY**

Defendants hereby demand a trial by jury as to all issues so triable.

WHEREFORE, Defendants respectfully request that all relief requested in Plaintiffs' Complaint be denied in its entirety.

DATED: September 14, 2018
Coral Gables, Florida

HUNTER TAUBMAN FISCHER & LI LLC

*/s/ Jenny Johnson-Sardella*
Mark David Hunter, Esquire
New York Bar No. 4017331
Jenny Johnson-Sardella, Esquire
New York Bar No. 4225850
2 Alhambra Plaza, Suite 650
Coral Gables, Florida 33134
Tel: (305) 629-1180
Fax: (305) 629-8099
E-mail: mhunter@htflawyers.com
jsardella@htflawyers.com

## **CERTIFICATE OF SERVICE**

I hereby certify that, on September 14, 2018, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to receive Notices of Electronic Filing electronically.

/s/ *Jenny Johnson-Sardella*
Jenny Johnson-Sardella, Esq.