

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

**Sean T. Scuderi**
212.216.8094, *Direct Dial*
sscuderi@tarterkrinsky.com

June 10, 2021

<u>VIA ECF</u>

**MEMORANDUM ENDORSEMENT**

Honorable Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 6B
New York, NY 10007

    **Re:** *Adam Blank, et al. v. Tripoint Global Equities, LLC, et al.*
       Case No. 1:17-cv-00876 ALC

Dear Magistrate Judge Gorenstein:

  Our firm represents plaintiffs, Adam Blank, individually and as trustee of the Adam Blank 2012 GRAT, Acker Family 2012 Gift Trust and Acker Family 2013 Gift Trust (collectively "Plaintiffs"), in the above-referenced matter. Plaintiffs respectfully request judicial intervention regarding an ongoing discovery dispute between the parties. Defendants Tripoint Capital Advisors, LLC, Mark H. Elenowitz and Michael Boswell (collectively "Defendants") are ignoring their discovery obligations by failing to provide responses and responsive documentation to Plaintiffs' Second Request for Production of Documents, dated January 27, 2021 (the "Second Demand"), and Plaintiffs' Third Request for Production of Documents, dated April 27, 2021 (the "Third Demand"). Copies of the Second Demand and Third Demand are attached as **Exhibits A** and **B**.

  This action concerns a Ponzi scheme where Joseph Meli, Steven Simmons, Matthew Harriton and their corporate entities (collectively "Ponzi Operators") defrauded investors, including Plaintiffs, out of millions of dollars for purported investment in ticket reselling enterprises involving high profile events including the Broadway musical *Hamilton.*

  As set forth in Plaintiffs' complaint, Defendants' repeated false and misleading statements to Plaintiffs induced Plaintiffs to invest $1,500,000 in the Ponzi Operators' scheme, causing Plaintiffs to suffer $1,500,000 in damages, plus interest and attorneys' fees. Defendants claimed to have conducted reasonable, adequate and necessary due diligence and investigations regarding the Ponzi Operators and the health, management, governance and financial condition of the purported ticket businesses. However, rather than perform the necessary due diligence and

Honorable Gabriel W. Gorenstein
June 10, 2021
Page **2** of **3**

investigation required, Defendants ignored their obligations to conduct reasonable investigations and focused on seizing their own commissions.

Plaintiffs' Second Demand seeks documentation notably missing from Defendants' earlier document productions. For instance, Defendants produced the Written Supervisory Procedures and Compliance Manuals for 2018 only. These documents should be provided for the other relevant time periods of 2015 to 2017 when Defendants were working with the Ponzi Operators and soliciting investors. In addition, Bad Actor Questionnaires were only provided for control persons of 875 Holdings and not the other offerings at issue in this litigation. Other gaps in Defendants' productions demanded in the Second Demand include, but are not limited to, the following:

- Documents relating to Defendants' outside business activities from 2015 to 2018
- Correspondence, documentation, filings, and transcripts relating to the following FINRA Disciplinary Proceedings:
  - *Department of Enforcement v. Tripoint Global Equities, LLC and Mark Elenowitz*, Disciplinary Proceeding No. 2017053409201, filed on May 29, 2020
  - *Department of Enforcement v. Tripoint Global Equities, LLC, Michael Boswell and Andrew Kramer*, Disciplinary Proceeding No. 2015048172801, filed on September 7, 2018
- Schedule of amounts raised by Defendants for each deal and/or offering with the Ponzi Operators
- Spreadsheets, reports and other documentation relating to compensation and commissions received by Defendants from the Ponzi Operators
- Correspondence and documentation between Defendants and the SEC, FINRA or other investigative agencies regarding the investigations of the Ponzi Operators
- Defendants' marketing materials used during 2015 to 2017
- Defendants' training materials for each investment with the Ponzi Operators

Plaintiffs then served the Third Demand following Defendants' depositions to obtain documents and information referenced in the witnesses' testimony. These categories of documents include, but are not limited to, the following:

- Documents relating to the training and supervision of employees and independent contractors
- The identity of Defendants' accountant(s)
- Due diligence lists provided by the Ponzi Operators to Defendants
- Correspondence and communications with Ken Gentry and his companies, who Defendants allegedly consulted during their due diligence investigations of the Ponzi Operators
- Documentation and correspondence regarding independent contractor Robert Nathan's personal investments with the Ponzi Operators
- Elenowitz's calendars for the years 2015 through 2018

Honorable Gabriel W. Gorenstein
June 10, 2021
Page **3** of **3**

- Executed copies of the Authorization to Deliver Block Tickets to the Ponzi Operators
- Fully executed copy of Advance Entertainment II, LLC Engagement of Tripoint Global Equities, LLC, dated July 20, 2016

Defendants were required to respond to the Second Demand and Third Demand by February 26, 2021 and May 27, 2021 respectively. Plaintiffs made countless attempts to obtain the long outstanding discovery responses only for Defendants to continue to ignore their discovery obligations. The most recent meet and confer was held on Friday, June 4, 2021. Defendants' counsel promised responses to both outstanding sets of demands by Tuesday, June 8th. An email confirming this agreement is attached as **Exhibit C**. Yet, as of the date of this letter, Defendants' responses to the Second Demand and Third Demand remain outstanding.

Defendants continue to play games by promising the discovery by dates certain, only to never deliver. Notably, Defendants never offered a rational explanation for their failure to provide the requested discovery. This outstanding discovery pertains to critical issues in this action, such as the deficiencies in Defendants' due diligence investigations and the sufficiency of Elenowitz's and Boswell's training and supervision of their independent contractors. Defendants should not be permitted to continue to ignore their discovery obligations, and they should be directed to produce the discovery in short order or face sanctions for their noncompliance.

Based on the foregoing, Plaintiffs respectfully request a telephone conference or pre-motion discovery conference with Your Honor to discuss the dispute set forth herein.

Respectfully yours,

Sean T. Scuderi

Enclosures

cc:   Mr. David Schrader, Esq.
      Paykin, Krieg & Adams LLP
      2500 Westchester Avenue, Suite 107
      Purchase, New York 10577

**Defendants have failed to respond to this letter as required by paragraph 2.B of the Court's Individual Practices. Accordingly, the Court grants all relief requested in this letter as unopposed. Defendants shall respond to Plaintiffs' Second Request for Production of Documents, dated January 27, 2021 and Plaintiffs' Third Request for Production of Documents, dated April 27, 2021, on or before Tuesday, June 22, 2021, at 5:00 p.m. All responsive documents must also be produced by June 22, 2021.**

**So Ordered.**

GABRIEL W. GORENSTEIN
United States Magistrate Judge
June 15, 2021